. GREEN WHITE v. THE STATE.

No. 1545. Decided October 23, 1912.

**Drinking Intoxicating Liquor on Railway Train—Practice in County Court—Offering Testimony Before Conclusion of Argument.**

Where, at the conclusion of the testimony of the State, the defendant announced he would introduce no testimony but would demur to the State's testimony, which was made under a misapprehension of what the testimony was, he should have been permitted to introduce his testimony when he discovered his mistake and offered his testimony before argument was concluded. Article 718, Code Criminal Procedure.

Appeal from the County Court of Tyler. Tried below before the Hon. R. A. Shivers.

Appeal from a conviction of unlawfully drinking intoxicating liquor on railway train; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—We do not deem it necessary to discuss but one question, it being presented in bill of exception No. 1. At the conclusion of the testimony offered on behalf of the State, the defendant announced he would introduce. no testimony but would demur to the testimony. In the discussion of the demurrer a difference arose between the State's counsel and defendant's attorney as to what a witness, Mr. Ford, had testified. The defendant's counsel being convinced that the witness had not testified as claimed by the prosecuting attorney, stated he was laboring under an honest belief that no such testimony had been adduced, when he announced he would not offer any testimony, and asked permission to withdraw the announcement and he be permitted to place the defendant on the stand. The testimony of defendant, as stated in the bill of exception, would be very material, and if true entitle him to an acquittal. We think the court erred in not permitting the defendant to introduce his testimony. Article 718 of the Code of Criminal Procedure provides that the court shall allow testimony to be introduced at any time before the argument is concluded if it appear it is necessary to a due administration of justice. The State does not desire to deprive any citizen of a fair and impartial trial on the merits of his case, nor to deprive him of the right to have a jury to pass on the evidence. Inasmuch as the bill, by its recitals, shows that the announcement of defendant that he would offer no testimony was made under a misapprehension of what testimony had been offered, and the argument of the case had not even begun, he should have been permitted to introduce his testimony.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*