Felipe Gobella v. The State.

No. 13533.   Delivered October 8, 1930.
Reported 31 S. W. (2d) 643.

The opinion states the case.

*L. D. Stroud* of Beeville, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, Judge.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

The chief testimony against appellant was furnished by his son-in-law, Castulo Garza, who testified that appellant was in the "beer business" and to sales of beer by appellant on occasions preceding the date of the indictment in the instant case.   Garza's wife had left him and gone to the home of appellant a short time before the present charge was filed and bad feeling existed between the two. After the defense testimony had closed and Garza had again testified in rebuttal, appellant offered the witness Ossie Hermes and offered to prove by him that he was acquainted with the general reputation for truth and veracity of the witness Garza in the community in which he lived and that the same was bad.   Objections to this testimony were sustained by the Court "on the grounds that the testimony to impeach should have been offered before said Garza had testified in rebuttal of defense testimony."   The record shows that witness Garza was active in the prosecution, had himself procured witnesses to come to court and testify in rebuttal of appellant's defensive testimony and had taken the stand the second time, after which the above testimony was offered.   We think it was error

to reject this testimony. It is stated in Mr. Branch's Penal Code at page 212:

"If the proposed testimony appears to be necessary to a due administration of justice it should be admitted and an objection that the testimony had been closed or that such testimony was not in rebuttal is equivalent to no objection." The following authorities are cited as supporting this text: Donahoe v. State, 12 Tex. Crim. App. 301; Pendy v. State, 34 Tex. Crim. Rep. 643; Shumate v. State, 38 Tex. Crim. Rep. 274; Mercer v. State, 45 Tex. Crim. Rep. 461; Mahs v. State, 54 Tex. Crim. Rep. 393; White v. State, 150 S. W. 609; DeLerosa v. State, 170 S. W. 313.

Many cases have been reversed where the accused without fault on his part has been prejudiced by the refusal of the court to admit testimony before the close of the argument. See Hewitt v. State, 10 Tex. Crim. App. 501; Cook v. State, 11 Tex. Crim. App. 19; George v. State, 11 Tex. Crim. App. 98; Branch's P. C., P. 212. While the trial court is vested with some discretion in matters of this kind, we know of no rule which justified the rejection of the above testimony under the facts of this record.

Other errors are assigned but their importance does not seem to justify discussion.

Judgment reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.